In the Matter of MARGARET DENNIS, to vacate an Assessment, &c.

*Assessment—what errors or omissions in, will not authorize the court to vacate it.*

Appeal by the Mayor, Aldermen and Commonalty of the city of New York from an order made at Special Term, vacating an assessment for a sewer.

The contract for the sewer was let, after advertisement for proposals, to Robert McChristie, who was the lowest bidder, on November 3, 1870.

All of the expenses were certified to the assessors by the commissioner of public works. The assessment was laid by the board of assessors appointed pursuant to chapter 302 of the Laws of 1859. They appear not to have taken an oath to make the assessment in question "fairly and impartially," as required by law, but did take an oath, upon their several appointments, to faithfully discharge the duties of an assessor and a member of the board of assessors. The contract was certified as free from fraud by the commissioners, appointed in and by chapter 580 of the Laws of 1872, two of whom took an oath of office, to support the Constitution of the United States, and the Constitution of the State of New York, and to "faithfully discharge the duties of the office of commissioner mentioned in such chapter 580 of the Laws of 1872, according to the best of my ability." The third took the same oath, except that, instead of the words "according to the best of my ability," he swore to "justly and fairly hear and consider the matter submitted, for the purposes mentioned in such act, and will make a just and true decision thereof." The petitioner alleged, that the assessment should be vacated: Because there is included therein the cost of work for which no bids were made or

solicited. Because items of expense are included which were not certified by the commissioner of public works, and are chargeable, if at all, only to the contractor. Because there is included the sum of $1,149 for surveyor's or engineer's fees, which was not properly chargeable to said assessment. Because the expense of the work was not properly certified to the board of assessors. Because the board of assessors were without jurisdiction, never having taken the requisite oath before making the assessment.

PER CURIAM:

The objection presented by the alleged omission of the assessors to take the oath required by law is valueless, under the provisions of section 7 of the Act of 1872, chapter 580, which expressly declares that " no assessment shall be vacated or set aside, . . . for or by reason of the omission of any officer to perform any duty imposed upon him, or for or by reason of any defect in the authority of any department or officer, upon whose action the assessment shall be in any manner, or to any extent, depend." The further objection, that the commissioners appointed for the purposes of the act, *supra*, did not take the oath prescribed, in the language of the provision relating to it, is also valueless, because the oath which was taken by them was in effect the same, and was a substantial compliance with the requirements of the statute. In regard to the certificate given by these commissioners, under the provisions of section 7, *supra*, we refer to the opinion in the *Matter of Andrews*,* by which we have declared the certificate operative, re-affirming *In re Marsh*, 21 Hun, 582.

Entertaining these views, we think it was the duty of the court below to have sustained the assessment, except, perhaps, as to one or two items, and which form part of the objections interposed. As to these items, surveyors' and engineers' fees, we think the pro-

---

* The following is the opinion in *Matter of Andrews*, decided at this term.

" This being a case neither of fraud nor repavement, the decision in *In re Marsh* is applicable. We have again examined the case of *Burmeister* (76 N. Y., 174), and are of opinion that there is nothing in that adjudication which requires a re-examination of the case of Marsh. We are also satisfied that the petitioner was not 'aggrieved' within the act of 1858, the facts not showing that she was prejudiced by the defects complained of. It is apparent that the attention of the court below was not called to the case of *In re Marsh*.

" Order reversed, and motion denied."

ceeding should be remitted to the Special Term for further consideration; and the order appealed from must, therefore, be modified in accordance with these suggestions.

*J. A. Beall*, for the Mayor, &c., of New York, appellant.

*John C. Shaw*, for the petitioner, the respondent.

Opinion PER CURIAM.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order modified as indicated in opinion.